Case 1:25-cv-00008   Document 20   Filed on 07/31/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA IDALIA ROBLES VAZQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-008 |
| | § | |
| MARCO RUBIO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

In January 2025, Plaintiff Maria Idalia Robles Vazquez initiated this lawsuit under 8 U.S.C. § 1503(a) of the Immigration and Nationality Act, seeking a declaratory judgment that she is a United States citizen and a permanent injunction requiring Defendants Marco Rubio, U.S. Secretary of State, and Norma Limon, a Field Office Director of the U.S. Citizenship and Immigration Services (collectively the "United States"), to issue her a passport.

In April 2025, the United States filed a Motion to Dismiss (Doc. 13) under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction because Robles failed to assert a cause of action within the applicable statute of limitations. As an alternative argument, the United States contends that Robles's claims "arose by reason of, or in connection with [her] removal proceeding," barring her action under 8 U.S.C § 1503(a)(1).

Robles filed no response to the Motion.

Based on the Motion, the record in this case, and the applicable law, the Court concludes that it does not possess subject matter jurisdiction over this lawsuit.

**I.    Allegations and Procedural History**

Plaintiff Maria Idalia Robles Vazquez was born in Reynosa, Tamaulipas, Mexico. (Complaint, Doc. 1, 2)  She alleges that her father was a United States citizen. (*Id.*)

In December 2015, Robles entered the United States without a valid entry document.

(Notice to Appear, Doc. 3–12, 4–5)  The following month, the Department of Homeland Security (DHS) instituted removal proceedings against her under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as someone who, at the time of application for admission, was not in possession of a valid entry document. (*Id.*)

In August 2016, while Robles remained in removal proceedings, she filed an Application for Certificate of Citizenship (Form N-600) with USCIS, basing her Application on her father's physical presence in the United States prior to her birth. (USCIS Decisions, Doc. 3–10, 3)

In July 2017, USCIS denied her Application. (*Id.* at 2)

The following month, Robles filed a Notice of Appeal to the Administrative Appeals Office (AAO) (Form I-290B). (USCIS Denial, Doc. 12, 3)  In February 2018, the AAO reviewed her application *de novo* and dismissed her appeal. (USCIS Decisions, Doc. 3–10, 5–8)  The AAO informed Robles that if she "believe[d] we incorrectly decided your case, you may file a motion requesting us to reconsider our decision, reopen the proceeding, or both. . . . within 33 days of the date of this decision." (*Id.* at 4)

In October 2018, Robles filed a Motion to Reopen and Reconsider (Form I-290B) the denial of her application, presenting additional affidavits in support of her motion. (USCIS Denial, Doc. 12, 3–4)  In December of that year, the AAO denied the motion. (*Id.*)

In February 2019, an Immigration Judge found Robles removable. (Order of Immigration Judge, Doc. 12, 8)  The removal proceedings remained ongoing due to Robles seeking asylum.

In January 2022, Robles applied for a U.S. passport with the Department of State.  In May, the Department of State denied the application due to insufficient evidence establishing citizenship. (DOS Denial Letter, Doc. 3–11)

In May 2023, an Immigration Judge granted DHS's motion to dismiss her removal proceedings, based on prosecutorial discretion under 8 C.F.R. § 1239.2(c). (Order, Doc. 3–12, 2)

In June 2023, prior to the filing of this lawsuit, Robles filed a Complaint in Case No. 1:23-

2 / 6

CV-85, in the Southern District of Texas, Brownsville Division, presenting an action under Section 1503(a) and seeking the same relief requested in this action. (Case No. 1:23-CV-85, Complaint, Doc. 1)  In February 2024, the parties submitted a joint stipulation of dismissal, terminating the case. (Case No. 1:23-CV-85, Order, Doc. 22)

On January 11, 2025, Robles filed the present lawsuit. (Complaint, Doc. 1)

The United States now seeks dismissal through the pending Motion.  The Court twice granted Robles additional time to file a response, ultimately setting a deadline of July 14, 2025. (Order, Doc. 15; Order, Doc. 19)  Robles did not file a Response.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a trial court must dismiss an action for lack of subject matter jurisdiction when the Court is without the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The party seeking the federal forum bears the burden of establishing facts supporting federal jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In determining whether jurisdiction exists, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "[A]ll questions of subject matter jurisdiction except mootness [are] determined as of the date of the filing of the complaint". *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005); *see also Burr v. Transohio Sav.*, No. 95-20144, 1995 WL 798590, at *2 (5th Cir. Dec. 27, 1995) ("The relevant date for determining whether a court has subject matter jurisdiction is the date on which the complaint is filed.") (citing *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994)).

When the factual basis for jurisdiction is in question, the court "may receive interrogatories, deposition, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue." *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). If the parties dispute facts determinative of jurisdiction, "judges have the power to resolve these disputes in assuring themselves of their court's jurisdiction." *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010).

When a party fails to respond to a dispositive motion, a district court may decide the motion on the papers before it. *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) (per curiam). In such circumstances, the court may accept as true the movant's evidence. *Eversley v. MBank Dallas*, 843 F.2d 172, 173–174 (5th Cir. 1988).

### III.   Analysis

The United States argues that the Court lacks subject matter jurisdiction over Robles's claims because (1) Robles did not file the present lawsuit within the statute of limitations that Section 1503(a) establishes, (2) Robles's claims arose in connection with her removal proceedings, and (3) no jurisdiction exists under 28 U.S.C. § 1331. (Motion, Doc. 13)  Robles did not file a Response. Because the statute of limitations raises a jurisdictional issue that warrants dismissal of the case in its entirety, the Court addresses only that issue.

Under Section 1503(a), "a person who is within the United States [who] claims a right or privilege as a national of the United States and [who] is denied such right or privilege" on the grounds that she is not a national of the United States, may file a declaratory judgment action asking the court to adjudicate her citizenship. This provision mandates that the action "be instituted only within five years after the final administrative denial of such right or privilege." 8 U.S.C. § 1503(a). The requirement is jurisdictional. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As a result, in the present matter, the Court must determine whether Robles filed

this lawsuit within five years of the final administrative denial of her right or privilege to be a national of the United States.

On August 29, 2016, Robles first applied for a certificate of citizenship with USCIS, based on her father's physical presence in the United States prior to her birth. (USCIS Decisions, Doc. 3–10, 2–3)  On July 3, 2017, USCIS denied her application based on a review of the application, supporting documentation, interview testimony, and information in the record. (*Id.*)

Robles appealed the decision to the AAO, which dismissed the appeal on February 22, 2018. (*Id.* at 4–8)  This ruling constituted the first final administrative denial of her application for citizenship. *See Gonzalez v. Limon*, 926 F.3d 186, 190 (5th Cir. 2019) ("Section 1503(a)'s reference to 'the final administrative denial' means the first final administrative denial."); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007) ("If the [applicant's N-600] application is denied, he can appeal to the AAU; . . . [i]f the AAU affirms, the person can seek a judicial declaration of citizenship under 8 U.S.C. § 1503(a)."). Robles had five years from the AAO's decision to initiate an action under Section 1503(a).

Robles's Motion to Reopen and Reconsider, which she filed in October 2018 and which the USCIS denied in December 2018, did not affect the finality of the AAO's July 2017 decision. Absent a contrary directive from the USCIS, "the filing of a motion to reopen or reconsider . . . does not stay the execution of any decision in a case . . . ." 8 C.F.R. § 103.5(a)(1)(iv) (2005); *see also Sarabia v. Mayorkas*, No. SA-23-CV-964-FB (HJB), 2024 WL 4002701, at *5 n.5 (W.D. Tex. Aug. 6, 2024), *report and recommendation adopted*, No. CV SA-23-CA-964-FB, 2024 WL 3998275 (W.D. Tex. Aug. 29, 2024) ("[H]is motion to reopen or reconsider did not affect the finality of the AAO's decision to dismiss his appeal."). Thus, the July 2017 decision, and not the

decision on the motion to reopen or reconsider, controls for purposes of the five-year limitations period in Section 1503(a).

Robles presented additional requests to the Department of State, such as her January 2022 application for a U.S. passport, which the Department of State denied. But such decisions do not restart the five-year period under Section 1503(a). *See Gonzalez*, 926 F.3d at 189–90; *Vasquez v. Pompeo*, 467 F. Supp. 3d 466, 473 (S.D. Tex. 2020) (recognizing the difference between an application for a certificate of citizenship, Form N-600, and an application for a U.S. passport but extending the holding in *Gonzalez* to passport applications). Thus, irrespective of the requests that Robles may have submitted to the Department of State after the July 2017 denial, she still possessed only five years from July 2017 to present her lawsuit under Section 1503(a).

Robles filed this lawsuit in January 2025, more than five years after July 2017. As a result, the five-year limitations period under Section 1503(a) bars her action.

## IV.   Conclusion

As a result, it is:

**ORDERED** that Defendants Marco Rubio and Norma Limon's Motion to Dismiss (Doc. 13) is **GRANTED**; and

**ORDERED** that Plaintiff Maria Idalia Robles Vazquez's causes of action are **DISMISSED WITH PREJUDICE**.

Signed on July 31, 2025.

_____
Fernando Rodriguez, Jr.
United States District Judge